**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

JOHN GROFF,               )
                                 )
      Plaintiff,         )
                                 )        Civil Action No.: _____
    V.                )        **(JURY TRIAL REQUESTED)**
                                 )
MARRIOTT WORLDWIDE     )
CORPORATION And WESTMONT   )
HOSPITALITY GROUP, INC. And   )
JOHN DOES 1-10 (fictitious names), And )
ABC ENTITIES 1-10, (fictitious entities), )
                                 )
      Defendants.       )

## COMPLAINT

Plaintiff, JOHN GROFF, by way of Complaint against the Defendants, MARRIOTT GUEST SERVICES, INC., a Delaware corporation and foreign for-profit corporation registered in the State of Maryland and WESTMONT HOSPITALITY GROUP, INC., a Texas corporation and a foreign for-profit corporation registered in the State of Texas and JOHN DOES 1-10 (fictitious names) and ABC ENTITIES 1-10 (collectively, "Defendants"), jointly, severally, or in the alternative, hereby states as follows:

## PARTIES

1.     At all times relevant herein, Plaintiff JOHN GROFF, is an adult resident citizen of New Jersey, with a business address at 1814 East Route 70 - Suite 321, Cherry Hill, NJ 08003.

2.     Defendant MARRIOTT INTERNATIONAL, INC., ("Marriott"), is a for-profit corporation incorporated in the State of Delaware with its principal place of business at 7750 WISCONSIN AVE., BETHESDA MD 20814.  The registered agent on file for Defendant

Marriott is CSC-LAWYERS INCORPORATING SERVICE COMPANY, 7 St. Paul Street, Suite 820, Baltimore MD 21202.

3. Defendant WESTMONT HOSPITALITY GROUP, INC. ("Westmont"), is a for-profit corporation incorporated in the State of Texas and has its principal place of business at 5847 SAN FELIPE ST., STE 4600, HOUSTON, TX 77057-3426. Westmont may be served with summons by serving its registered agent for service of process, Capitol Corporate Services, Inc. 1501 S Mopac Expwy, Ste 220, Austin, TX 78746.

## JURISDICTION & VENUE

4. The Court has subject-matter jurisdiction over the Plaintiff's federal law claims, pursuant to 28 U.S.C. §§ 1332 (diversity) because the parties are from different states and the amount in controversy exceeds $75,000.00.

5. This Court also has supplemental jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related to Plaintiff's federal claims that they form part of the same case or controversy and arise out of a common nucleus of operative fact.

6. Venue lies in the District of Maryland pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the lawsuit are covered by a customer loyalty agreement that specifies jurisdiction and venue in the state and federal courts of the State of Maryland and because some defendants are domiciled in this district.

## FACTUAL BACKGROUND

7. At all times relevant, Mr. Groff was a longstanding customer who regularly and frequently lodged at hotel establishments maintained and/or serviced by Defendants herein.

8.      On or about November 30, 2023, Mr. John Groff booked a hotel room at the Westin Mount Laurel hotel (hereinafter, the "Westin Hotel"), located at 555 Fellowship Road, Mount Laurel, New Jersey 08054, for a relaxing night of rest and comfort. Mr. Groff checked out of the hotel on or about December 4, 2023.

**Commented [LK1]:** STILL need dates

9.      At a date and time unknown to Plaintiff' at this point, Defendant Westmont gratuitously, arbitrarily, and without proper cause informed Defendant Marriott of an alleged verbal dispute between Mr. Groff and its Westin hotel staff.

10.     Westmont did so with the intention to interfere with Mr. Groff's contractual business relationship with Defendant Marriott.

11.     On December 11, 2023, Defendant Marriott deducted from Mr. Groff's Marriott Bonvoy account, Account # 207578024 a total of 643,412 loyalty rewards points, and entered the notation "Fraud Remaining Balance Remove" on Mr. Groff's account.

12.     Mr. Groff is a long-time loyal Marriott Bonvoy customer, as demonstrated by his "Ambassador Elite" status – a status which he has worked hard and spend a significant amount of money at Marriott establishments to earn.

13.     At no time did Defendant Marriott notify Mr. Groff that it intended to deduct these bonus points from his account.

14.     At no time did Defendant Westmont notify Mr. Groff that it intended to interfere with his business relationship with Defendant Marriott, or that it had informed Marriott of its unfounded allegations against Mr. Groff.

15.     Mr. Groff has no knowledge of any alleged fraud for which he was being punished by Marriott's unilateral action of deducting his bonus points from his Marriott Bonvoy account.

16.    Defendants have failed to offer, and continue to refuse to offer, any explanation of or excuse for their outrageous and fraudulent conduct.

**COUNT ONE**
**CONSUMER FRAUD**
**VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT**
**(As to Defendant Marriott)**

17.    Plaintiff repeats all factual allegations contained in the Complaint thus far above and incorporates same as if fully set forth herein.

18.    Hotel guest services and customer loyalty programs are covered by the Maryland Consumer Protection Act, Maryland Statutes, Title 13, Section 13-101, *et seq*. (the "Act"). The Act protects consumers from deceptive sales practices and acts. The types of goods or services promised to Plaintiff are "merchandise" or "services" within the scope of the Act, and Plaintiff was a "consumer" at the time of the occurrence in question. The Act states in relevant part:

**Section 13-301 - Unfair, Abusive, or Deceptive Trade Practices Defined**

Unfair, abusive, or deceptive trade practices include any:

(1)    False, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers;

(2)    Representation that:

(i)    Consumer goods, consumer realty, or consumer services have a sponsorship, approval, accessory, characteristic, ingredient, use, benefit, or quantity which they do not have;

(ii)    A merchant has a sponsorship, approval, status, affiliation, or connection which he does not have;

(iii)    Deteriorated, altered, reconditioned, reclaimed, or secondhand consumer goods are original or new; or

(iv)    Consumer goods, consumer realty, or consumer services are of a particular standard, quality, grade, style, or model which they are not;

(3)    Failure to state a material fact if the failure deceives or tends to deceive;

(4)    Disparagement of the goods, realty, services, or business of another by a false or misleading representation of a material fact;

(5)    Advertisement or offer of consumer goods, consumer realty, or consumer services:

(i)    Without intent to sell, lease, or rent them as advertised or offered; or

(ii)    With intent not to supply reasonably expected public demand, unless the advertisement or offer discloses a limitation of quantity or other qualifying condition;

(6)    False or misleading representation of fact which concerns:

(i)    The reason for or the existence or amount of a price reduction; or

(ii)    A price in comparison to a price of a competitor or to one's own price at a past or future time;

(8)    False statement which concerns the reason for offering or supplying consumer goods, consumer realty, or consumer services at sale or discount prices;

19.    Plaintiff sues for damages under Section 13-408(a) and (b) of the Act.

20.    By engaging in the conduct as alleged above, the Defendants, jointly and/or severally, committed unconscionable commercial practices including deception, fraud, falsity, and/or misrepresentation in connection with the Contract between the parties and the false representations and deceptive practices of the Defendants, as described, are all in violation of the Act. As a direct and proximate result of the Defendants' misrepresentations, deceptions, fraud, knowing concealment, suppression, and/or omissions of material facts, and other deceptive or unconscionable commercial practices in violation of the Act, Plaintiff has suffered a significant and ascertainable monetary loss in an amount in excess of $75,000.00,

**COUNT TWO**
**BREACH OF CONTRACT**
**(As to Defendant Marriott)**

21.     Plaintiff hereby repeats all the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth herein.

22.     At all times relevant, the parties hereto were parties to an implied contractual relationship whereby Defendants agreed to provide Plaintiff with "points" or" bonus points" which would be redeemable by Plaintiff on demand at Marriott's numerous hotels and other establishments around the world.

23.     Marriott offered, and Plaintiff accepted the agreement that Plaintiff would frequently stay at Marriott-owned and operated establishments. Plaintiff accepted the agreement and paid valuable consideration therefor by booking and staying at Marriott establishments around the country and around the globe by foregoing the opportunity to take advantage of other accommodation offered by Mariott's competitors.

24.     Plaintiff paid this valuable consideration with the reasonable expectation that the customer "reward" or "loyalty" points he thus earned would be available to Plaintiff during Plaintiff's future travels.

25.     As a direct and proximate result of the Defendants' breach of the subject Contract, Plaintiff was caused to suffer monetary damages in excess of $75,000.00, for which Plaintiff hereby sues.

**COUNT THREE**
**CONVERSION**
**(As to Defendant Marriott)**

26.     At all times relevant hereto, Plaintiff was the contractual owner, holder, or beneficiary of the bonus points at issue in this action, having earned them as the result of frequent and regular stays at Marriott establishments during his travels.

27.      As such, Plaintiff had a contractual right to redeem or use these bonus points by charging the cost of his stays against these bonus points until they were exhausted.

> **Commented [LK2]:** Alex – all of these pars are inadequate. We need a special section on damages or place it within the facts that explain how the points revoked have a value in excess of $75,000. Without showing that the points have such a value, the Court will dismiss for failing to meet Sec. 1332. If they do not have a value in excess of $75,000. then we cannot file in federal court.

28. Defendants, jointly and severally, though their illegal actions, deprived Plaintiff of the possession and ability to use these bonus points, constituting the tort of conversion.

29. As a direct and proximate result of the Defendants' breach of the subject Contract, Plaintiff was caused to suffer monetary damages in excess of $75,000.00, for which Plaintiff hereby sues.

**COUNT FOUR**
**TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**
**(As to Defendant Westmont)**

30. By falsely and improperly informing Defendant Marrott of the purported misconduct of Plaintiffs with the intention of having Defendant Marriott "punish" Plaintiff for the purported misconduct, Westmont either negligently or intentionally interfered with Plaintiff's contractual relationship with Marriott under the agreement titled "Terms and Conditions, Loyalty Rewards Program, Marriott Bonvoy."

31. As a direct and proximate result of Westmont's tortious interference, Marriott simply cancelled all 643,412 loyalty rewards points which Plaintiff had worked hard to accumulate, causing the damages complained of herein.

32. As a further direct and proximate result of the Defendants' breach of the subject Contract, Plaintiff was caused to suffer monetary damages in excess of $75,000.00, for which Plaintiff hereby sues.

**COUNT FIVE**
**TORTIOUS CONDUCT OF FICTITIOUS INDIVIDUALS AND ENTITIES**
**As to Defendants JOHN DOES 1-10 and ABC ENTITIES 1-10**

33. Plaintiff hereby repeats all allegations and Exhibits contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

34. At all times relevant to this action, Defendants JOHN DOES 1-10 and ABC ENTITIES 1-10, are fictitious names for Defendant individuals and entities whose identities are unknown at

present, but who constitute persons, partnerships, joint ventures, corporations, associations, or other forms of private business entities who participated in the tortious actions of Defendants described herein, whether by way of their negligence or in other ways as yet undetermined.

35.    As a direct and proximate result of the negligence and/or tortious conduct of Defendants JOHN DOES 1-10 and ABC ENTITIES 1-10, Plaintiff has been caused to suffer, and in fact did suffer, significant damages.

36.    Plaintiff alleges an insufficient opportunity to determine the identity of all individuals or business entities whose actions or omissions may be potentially responsible in whole or in part for the damages incurred by Plaintiff.

37.    As such, Plaintiff specifically reserves the right to name additional individuals or entities as Defendants to this action, when and if their identities become known to Plaintiff.

38.    As a direct and proximate result of the Defendants' breach of the subject Contract, Plaintiff was caused to suffer monetary damages in excess of $75,000.00, for which Plaintiff hereby sues.

## JURY DEMAND

39.    Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, John Groff, respectfully requests that this honorable Court summon defendants, MARRIOTT GUEST SERVICES, INC., and WESTMONT HOSPITALITY GROUP, INC., and JOHN DOES 1-10 (fictitious names) and ABC ENTITIES 1-10 (collectively, "Defendants"), to appear and answer herein and prays for judgment against Defendants in the total amount of $80,000.00 plus pre and post-judgment interest, attorneys fees and costs of court. In the alternative, Plaintiff prays for an order enjoining Defendants to restore

Plaintiff's membership in and points under the loyalty rewards program as it was before the incident complained of, and such other and further relief as may be just and equitable.

DATED: March 11, 2025                Respectfully Submitted,

                                     LENTO LAW GROUP

                                     BY:  s/ Lawrence A Katz, Esq
                                     Counsel for Plaintiff
                                     BEOWULF BUILDING
                                     1814 East Route 70 - Suite 321
                                     Cherry Hill, NJ 08003
                                     Phone: 856.652.2000  EXT 497
                                     Fax: 856.375.1010
                                     lakatz@lentolawgroup.com

                                     PITTSBURGH OFFICE:
                                     1000 Main Street
                                     Suite 1077
DATED: June 25, 2025                 Pittsburgh, PA  15215