**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

<table>
<tr><td>CHAMBERS OF<br>DEBORAH L. BOARDMAN<br>UNITED STATES DISTRICT JUDGE</td><td>6500 CHERRYWOOD LANE<br>GREENBELT, MARYLAND 20770<br>(301) 344-0637<br>MDD_DLBChambers@mdd.uscourts.gov</td></tr>
</table>

June 3, 2026

**LETTER ORDER**

RE:    *Groff v. Marriott International, Inc., et al.*[1]
       DLB-25-2031

Dear Counsel:

John Groff has sued Marriott International, Inc., Westmont Hospitality Group, Inc., and a host of John Doe and ABC Entity defendants for alleged violations of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-101 *et seq.*; breach of contract; conversion or unjust enrichment in the alternative; tortious interference with contractual relations; and other unspecified tortious conduct in connection with Groff's loss of 643,412 Marriott Bonvoy rewards points. Currently pending before the Court is Marriott and Westmont's motion to dismiss, ECF 24, which is fully briefed, ECF 24-1, 25, & 26. A hearing on the motion to dismiss is scheduled for June 17, 2026 at 10 a.m.

Groff invokes the Court's diversity jurisdiction, which allows the Court to exercise original jurisdiction over suits between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). "[C]ourts must always assure themselves of subject matter jurisdiction before reaching the merits, even if the parties have not raised it." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 187 (4th Cir. 2019) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). Though neither party has raised the issue, upon review of the record the Court is not convinced that the amount-in-controversy requirement for diversity jurisdiction has been satisfied.

Groff claims compensatory damages of at least $150,000, plus treble damages, restitution, and disgorgement. ECF 22, ¶¶ A–C (prayer for relief). "Courts generally accept the sum claimed by the plaintiff in good faith as the amount in controversy." *Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024). "Dismissal for failure to meet the amount in controversy is therefore appropriate only where the court determines to a legal certainty that the plaintiff cannot recover the amount it seeks or seeks an amount that the plaintiff is not entitled to for the purpose of establishing jurisdiction." *Id.* "However, the general practice of deferring to a plaintiff's damages allegations in this context gives way if it appears or is shown that the amount

---

[1] Groff originally named "Marriott Worldwide Corporation" as a defendant. ECF 7, at 1. In his amended complaint, Groff has replaced "Marriott Worldwide Corporation" with "Marriott International, Inc." ECF 22, at 1. The Clerk shall update the docket accordingly.

*Groff v. Marriott International, Inc., et al.*
DLB-25-2031
June 3, 2026
Page 2

is not claimed in good faith . . . . A court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Williams v. DistroKid, LLC*, No. BAH-25-2377, 2025 WL 3028268, at *1 (D. Md. Oct. 29, 2025) (quoting *Silva v. Walt Disney World*, No. 1:21CV912, 2022 WL 4585811, at *2 (M.D.N.C. Sept. 29, 2022), *R&R adopted*, 2023 WL 3661349 (M.D.N.C. May 25, 2023)).

The Court questions whether Groff's amount-in-controversy allegations are made in good faith. Groff claims that he lost 643,412 Marriott Bonvoy rewards points. A cursory internet search indicates that Marriott Bonvoy rewards points are estimated to be worth between roughly 0.7–0.9 cents each. *See, e.g.*, Craig Joseph & Meg Lee, *What Is the Value of Marriott Bonvoy Points? (Calculator)*, Nerdwallet, http://nerdwallet.com/travel/learn/how-much-are-my-marriott-bonvoy-points-worth (May 20, 2026) (0.8 cents each); Ben Walker, *Here's how much Marriott points are actually worth (and what you can do with them)*, Yahoo! Finance, https://finance.yahoo.com/personal-finance/credit-cards/article/marriott-bonvoy-points-value-165746171.html (May 5, 2026) (0.82 cents each); Scott Laird, *How Much Are Marriott Bonvoy Points Worth?*, point.me, http://point.me/insights/how-much-are-marriott-bonvoy-points-worth/ (May 19, 2026) (0.7–0.9 cents each). Even at the high end of this range, 643,412 points would be worth approximately $5790.71—well below $75,000.

Certainly, lost points are not the only basis for Groff's claimed amount in controversy. He also claims that he suffered reputational harm, unspecified lost business opportunities, and the loss of his "Ambassador Elite" Marriott Bonvoy benefits, and he further seeks treble damages, restitution, and disgorgement. But he does not explain how he calculated the value of his claimed damages and restitution/disgorgement amounts or why they suffice, in combination with the loss of his rewards points, to push the amount in controversy over the $75,000 threshold—let alone to $150,000 or more, as he claims. *See, e.g.*, *Washington v. CUNA Mut. Grp.*, No. RWT-13-3102, 2014 WL 2615767, at *1 (D. Md. June 10, 2014) (plaintiff's allegations of $250,000 in damages failed to satisfy amount-in-controversy requirement where plaintiff "offer[ed] no information as to how he calculated this number or even how he suffered harm"); *El-Bey v. Volkswagen of Fallston Dealership Co.*, No. BAH-26-1998, 2026 WL 1450032, at *3 (D. Md. May 22, 2026) ("Plaintiff seeks $30,000 from each defendant, but this amount appears to be arbitrary and completely disconnected from the underlying dispute. It is therefore too speculative to be made in good faith and confer diversity jurisdiction on this Court.").

As the party seeking to litigate in federal court, Groff bears the burden to establish subject-matter jurisdiction. *See Gonzalez v. Fairgale Props. Co., N.V.*, 241 F. Supp. 2d 512, 517 (D. Md. 2002). Accordingly, the Court orders as follows:

1. By June 17, 2026, Groff shall submit a supplemental brief addressing the basis by which the Court may find that this suit satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332(a);

2. Marriott and Westmont shall file any response to Groff's supplemental brief by July 1, 2026;

*Groff v. Marriott International, Inc., et al.*
DLB-25-2031
June 3, 2026
Page 3

3. The hearing scheduled for June 17, 2026 is rescheduled for July 21, 2026 at 10 a.m.; and

4. The Clerk shall correct the docket to replace defendant "Marriott Worldwide Corporation" with "Marriott International, Inc."

Although informal, this letter is an Order of the Court and shall be docketed as such.

Sincerely,

Deborah L. Boardman
United States District Judge