**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JOHN GROFF,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. DLB-25-2031** |
| **MARRIOTT INTERNATIONAL, INC.,** *et al.*, | * | |
| | * | |
| **Defendants.** | | |

## ORDER

John Groff sued Marriott International, Inc., Westmont Hospitality Group, Inc., and a host of John Doe and ABC Entity defendants for alleged state law violations in connection with Groff's loss of 643,412 Marriott Bonvoy rewards points. Because the Court lacks jurisdiction over the complaint, the case is dismissed *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3).

A federal district court does not hear all matters. Federal district courts have jurisdiction to hear only "civil actions arising under the Constitution, laws, or treaties of the United States" and "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. §§ 1331, 1332(a)(1). The Court "must always assure [itself] of subject matter jurisdiction before reaching the merits, even if the parties have not raised it." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 187 (4th Cir. 2019) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)); *see* Fed. R. Civ. P. 12(h)(3) (stating that if at any time a court determines that it does not have subject matter jurisdiction, "the court must dismiss the action"). Groff, as the party who filed suit in this Court, bears the burden of establishing the Court's subject matter jurisdiction. *Robb Evans & Assocs.,*

*LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *see Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

Groff asserts this Court has diversity jurisdiction, ECF 1, ¶ 4; ECF 1-1, and alleges $150,000 in damages.[1] Based on the allegations in the complaint—describing a loss of Marriott Bonvoy rewards points worth approximately $5,790.71—the Court questioned whether Groff's amount-in-controversy allegations were made in good faith. ECF 30. The Court ordered Groff to submit a supplemental brief addressing how the Court could find that he has sufficiently alleged the amount-in-controversy requirement of 28 U.S.C. § 1332(a). *Id.* In response, Groff informed the Court that he had "no additional evidence to submit in support of Plaintiff's assertion of damages in excess of $75,000.00." ECF 31.

Accordingly, the Court dismisses Groff's complaint without prejudice for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). This dismissal does not prejudice Groff's right to seek relief in state court.

It is this 17th day of June, 2026, hereby ORDERED

1.    The complaint IS DISMISSED without prejudice;

2.    The defendants' motion to dismiss, ECF 24, IS DENIED as moot; and

3.    The Clerk SHALL CLOSE this case.

Deborah L. Boardman
United States District Judge

---

[1] Groff does not present a federal question.

2